[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Torrington Sash Door Works, Inc., seeks damages of $10,116.00 plus interest from the defendants Daniel and Wendy O'Brien for materials furnished and services rendered, specifically custom made windows. The defendants admitted to an agreement to pay the reasonable value of materials furnished and services rendered but denied owing the sum claimed, and assert by special defense that the plaintiff has been paid in full. By special defense and counterclaim, the defendants claim that the plaintiffs failed to supply or manufacture materials in a suitable and workmanlike manner free of defects causing loss to the defendants.
On May 22, 2001 the court ordered a prejudgment remedy in the amount of $10,813.61. The case proceeded to trial with the consolidated case ofMillwork Shop, LLC v. Daniel O'Brien and Wendy O'Brien doc. no. 010084654, on February 4 and 5, 2003. The parties submitted post-trial briefs on February 19, 2003.
At trial the court heard testimony of Joseph Sabia, president of the plaintiff LLC and the defendant, Daniel O'Brien and J. Milton Moore, an architect hired by the defendants, who examined windows of the plaintiffs after installation. It also reviewed the deposition testimony of William Flood, a sometime employee of the defendant Daniel O'Brien.
Based upon the pleadings and the credible and probative evidence, the court finds the following facts by a fair preponderance of the evidence. The defendants own property named Trout Walk Farm in Wassaic, New York. In 1999 and 2000, there was a construction project at Trout Walk Farm involving significant restoration of a two hundred year old house and carriage house and the new construction of a garage and a horse barn. During the project, the defendants hired William Flood as head of construction. Flood sought out the plaintiff for the job of manufacturing windows for the buildings. With the defendants' approval, the plaintiff manufactured windows and remanufactured the original one hundred year old CT Page 3710 windows of the house. The defendants paid the plaintiff a total of approximately $48,000 for the windows. All the windows were installed by a third party by the end of September 2000. Throughout most of the work done by plaintiff, the plaintiff's agents dealt with Flood and not the defendants. There was a punch list prepared by Flood in the summer of 2000 specifying that there were non-operative locking mechanisms on some of the windows manufactured by the defendant. Those locking mechanisms were never repaired or replaced. The credible evidence established that it would cost the defendants approximately $1200 to repair or replace these mechanisms. The defendant did not pay invoices dated from August 8, 2000 to October 26, 2000, totaling $10,116.00 plus finance charges of $697.55.
The defendants argue that 1) the work as not workmanlike, 2) that this action is barred by the statute of frauds, and 3) that the Home Improvement Contractors Act bars recovery. As to the last argument, the defendants failed to plead this as a special defense, so the court does not address this.[1] As to the argument that the statute of frauds bars this action, the court is not persuaded. The defendants seem to claim that the agreement involved real property so that General Statutes §52-550 (4) bars the action. The agreement here was the manufacture of windows and not involving real property.
Finally, the evidence does not support the defendants' claim that the windows were not manufactured or remanufactured in a workmanlike manner. Thus, and additionally, the defendants have not proven the allegations of their counterclaim. Judgment may enter in favor of the plaintiff on the counterclaim.
The plaintiff has established by a fair preponderance of the evidence that it is entitled to $10,116.00 less $1200 as the reasonable value of material and services remaining unpaid. The court awards no prejudgment interest.
Judgment may enter in favor of the plaintiff on the complaint in the amount of $8,916.00, plus costs.
DiPentima, J.